IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUANE BARTHOLOMEW PETERS | : | CIVIL NO. 4:06-CV-935 |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Mannion) |
| JEFFREY A. BEARD, Ph.D., Secretary of Corrections, <u>ET AL.</u>, | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

August \_\_1\_\_, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On May 5, 2006 the plaintiff Duane Bartholomew Peters ("Plaintiff" or "Peters"), an inmate at the State Correctional Institution in Dallas, Pennsylvania filed a <u>pro se</u> submission he styled as a "criminal complaint" against thirty-six officials, including the state secretary of corrections, the state attorney general, and numerous prison staff.[1] (Rec. Doc. 1). The above-captioned case was referred to United States Magistrate Judge Malachy E. Mannion for preliminary review.

---

[1] As noted by United States Magistrate Judge Malachy E. Mannion, although Plaintiff named thirty-six defendants, the complaint and affidavit speak only of Defendant Beard. (Rep. & Rec. At 1, n.1).

1

On June 13, 2006, Magistrate Judge Mannion issued a report recommending that Plaintiff's "criminal complaint" be dismissed as he raised claims that he is not entitled to bring in federal court, as the claims have no legal bases and are meritless, and as the factual predicate for Plaintiff's claims is incomprehensible nonsense. (See Rec. Doc. 12 at 8). Plaintiff filed what the Court will construe as objections to the Magistrate Judge's report on June 21, 2006 and June 27, 2006. (Rec. Docs. 14, 17-18). Plaintiff has additionally filed a plethora of submissions with the Court, which will be elaborated upon as necessary herein. The matter is therefore ripe for disposition.

## FACTUAL BACKGROUND:

The Magistrate Judge provided a detailed explanation of the factual background in the case sub judice. To summarize, in Plaintiff's "criminal complaint," he raises thirty-five allegations, all alleged violations of Title 18 of the United States Code, and specifically the following allegations: "principals"; "accessory after the fact"; misprision of felony; conspiracy against rights; deprivation of rights under color of law; various fraud, theft, and extortion offenses; ransoming; kidnaping; hostage taking; obstruction; various peonage, slavery, and forced labor offenses; subornation of perjury; interference with commerce; various racketeering and money laundering offenses; various

counterfeiting offenses; criminal infringement of copyright; torture; treason; misprision of treason; and war crimes. (Rep. & Rec. at 1-2). Plaintiff provides no factual basis for the charges, but merely reiterates the statutory language. He also included several exhibits with the complaint, as detailed by the Magistrate Judge, as well as an "affidavit of probable cause." Id. at 2-4.

## STANDARD OF REVIEW:

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. § 636(b)(1); Local Rule 72.31. Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge. See id. Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

## DISCUSSION:

We initially note that after a careful review of Plaintiff's objections to the

report, we are in agreement with the Magistrate Judge that Plaintiff's complaint must be dismissed for several reasons. First, as aptly explained by the Magistrate Judge, private persons cannot prosecute federal criminal complaints. (Rep. & Rec. at 4-6). Prosecution of a federal crime is the prerogative of the United States through the attorney general and his delegates, the United States attorneys. See 28 U.S.C. § 516 ("Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General."). In this case, Plaintiff may not bring his criminal complaint because he is a private person and as the Court finds that the complaint is meritless, we will not refer it to a United States attorney for further investigation.

Second, Plaintiff's "criminal complaint" will be dismissed as it is procedurally insufficient for failure to comport with Federal Rules of Criminal Procedure 3 and 4. See Rep. & Rec. at 6-7; U.S. Const. amend. IV, Giordenello v. United States, 357 U.S. 480, 485-86 (1958) (Rules 3 and 4 are designed to preserve a defendant's rights under the Fourth Amendment, which provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized.").

A careful review of the record reveals that Plaintiff has failed to establish the essential facts of any offense as the complaint contains no facts. Moreover, we are in complete agreement with the Magistrate Judge that the facts in the affidavit of probable cause that purportedly support the complaint are nonsensical conclusions that simply cannot sustain a criminal complaint or warrant. (Rep. & Rec. at 7). In addition, Plaintiff has not properly sworn out the complaint, nor has he shown probable cause.

Plaintiff's complaint shall accordingly be dismissed as he has raised claims that he is not entitled to bring in federal court and as his complaint does not comport with the rules governing the institution of criminal proceedings.[2]

We briefly note that after the filing of the Magistrate Judge's report, Plaintiff has inundated the Court with the following handwritten submissions: "Motion for Leave to File an Amended Complaint Adding Additional Defendants" (doc. 15); "Motion for Leave to File Amended Complaint, Affidavit of Specific Negative Averments, Notice of Unlimited Commercial Liability, Commercial Affidavit, Notice and Warning of Commercial Grace" (doc. 16); "Motion for

---

[2] We additionally note that as aptly submitted by the Magistrate Judge, an additional reason to dismiss Plaintiff's complaint is based upon its utterly frivolous nature. 28 U.S.C. § 1915(e)(2)(I) (2006) (A district court must dismiss any case proceeding in forma pauperis "if the court determines that . . . the action . . . is frivolous.").

Leave to File an Amended Complaint and Praecipe for Review of the Magistrate Judge's Proposed Findings, Recommendations or Report" (doc. 17); "Affidavit of Specific Negative Averment of Duane Bartholomew Peters Motion for Leave to File an Amended Complaint, and Review of the Magistrate Judge's Report and Recommendations and Proposed Findings" (doc. 18); "Order to Show Cause" (doc. 19); "Bill of Peace" (doc. 20); "Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order" (doc. 21); "Order to Show Cause for a Preliminary In junction and a Temporary Restraining Order" (doc. 22); and "Notice of Default" (doc. 24). Although it is clear to the Court that Plaintiff has devoted a considerable period of time to drafting and filing hundreds of pages of documents in this case, the Court can make little sense of Plaintiff's rambling, often incoherent, and nonsensical submissions. All of the above-referenced submissions will be denied as moot as we have dismissed Plaintiff's complaint in the instant case.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Magistrate Judge Mannion's Report and Recommendation (doc. 12) is adopted in its entirety for the reasons stated herein.

2. Plaintiff's criminal complaint (doc. 1) is DISMISSED.

3. Plaintiff's "Motion for Leave to File an Amended Complaint Adding

Additional Defendants" (doc. 15) is denied as moot.

4. Plaintiff's "Motion for Leave to File Amended Complaint, Affidavit of Specific Negative Averments, Notice of Unlimited Commercial Liability, Commercial Affidavit, Notice and Warning of Commercial Grace" (doc. 16) is denied as moot.

5. Plaintiff's "Motion for Leave to File an Amended Complaint and Praecipe for Review of the Magistrate Judge's Proposed Findings, Recommendations or Report" (doc. 17) is denied as moot.

6. Plaintiff's "Affidavit of Specific Negative Averment of Duane Bartholomew Peters Motion for Leave to File an Amended Complaint, and Review of the Magistrate Judge's Report and Recommendations and Proposed Findings" (doc. 18) is denied as moot.

7. Plaintiff's "Order to Show Cause" (doc. 19) is denied as moot.

8. Plaintiff's "Bill of Peace" (doc. 20) is denied as moot.

9. Plaintiff's "Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order" (doc. 21) is denied as moot.

10. Plaintiff's "Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order" (doc. 22) is denied as moot.

11. Plaintiff's "Notice of Default" (doc. 24) is denied as moot.

12. The Clerk is directed to close the file on this case.

_____
John E. Jones III
United States District Judge